**PHILADELPHIA MARINE TRADE ASSOCIATION**

v.

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1291, Appellant.**

**No. 15804.**

United States Court of Appeals Third Circuit.

Argued June 14, 1966.

Reargued Sept 29, 1966.

Decided Nov. 17, 1966.

Martin J. Vigderman, Philadelphia, Pa. (Abraham E. Freedman, Freedman, Borowsky & Lorry, Philadelphia, Pa., on the brief), for appellant.

Francis A. Scanlan, Philadelphia, Pa. (Kelly, Deasey & Scanlan, Philadelphia, Pa., on the brief), for appellee.

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

## OPINION OF THE COURT.

KIRKPATRICK, District Judge.

This is an appeal from an order of the District Court holding the defendant union in contempt for violation of a previous order of the court. The order (affirmed by this court August 11, 1966, 365 F.2d 295) which was the basis of the contempt proceeding, directed the union to comply with an arbitration award in a dispute as to the proper interpretation of a term of its collective bargaining agreement with the Marine Trade Association. Sometime after the entry of that order, a widespread work stoppage closing the Port of Philadelphia occurred because the men were dissatisfied with the arbitrator's award.

The Court, at 6:45 P.M. on March 1, after hearing, held the union responsible for the mass action of its members, adjudged it to be "in civil contempt only" and imposed a fine of "$100,-000 per day effective this date at 2:00 P.M." (the time when the hearing began) "the first payment to be made within 24 hours * * * and every thereafter (sic) as long as the order of this Court is violated." The record made before the trial court fully justifies the Court's finding that the mass action of the members of the union was, in fact, the action of the union. The union appealed the next day.

The character of the order, whether for civil or criminal contempt, was the subject of a reargument in this court. Of course, the fact that the judge called his action a judgment in civil contempt, though persuasive, is not conclusive. However, under the rule laid down by the Supreme Court in Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622, June 6, 1966, the judge was clearly right.

In the Shillitani case the court announced a perfectly clear, simple, and easily applied test for determining whether a penalty imposed in a contempt proceeding is for a civil or criminal contempt. The court said, "The test may be stated as: what does the court primarily seek to accomplish by imposing sentence?" It seems that in this case there can hardly be much doubt that the judge was primarily, if not solely, seeking to put an end to the strike, and that he may have had in mind some thought of punishment as well does not affect the nature of the proceeding.

The fact that the order of $100,-000 per day was made "effective" at a time more than four hours past, with the first payment not due until the following day, is no indication that its purpose was punitive rather than coercive—rather the contrary. It would be hard to think of any good reason why the judge, if he was imposing a fine solely as a punishment for a criminal offense, would date it back. On the other hand, it would be entirely logical for the judge in this case to fix a past hour as the effective date of his order so as to give a starting point for the first 24-hour period at the end of which the first payment was to be made.

Of the several points raised by the appellant the only one which merits extended notice is the contention that the union was entitled to a trial by jury and that the Court's refusal to comply with a written demand therefor was a deprivation of due process. Plainly, due process is not involved. What is involved, however, is whether it was error to deny the union a jury trial.

Title 18 U.S.C. § 3692 *, upon which the union bases its claim to a right of trial by jury, was originally a part of the Norris-LaGuardia Act. The union contends that it applies to all contempt proceedings growing out of a labor dispute but, on its face, it applies only to cases of contempt for violation of certain injunctions or restraining orders.

■ The order under review is not an injunction or a restraining order but an order under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, for specific performance of the bargaining agreement which made the award final and binding. This court has already so ruled. Nor does it involve or grow out of a labor dispute. There was a labor dispute between the plaintiff and the union, but it had been settled by the arbitrator's award in accordance with the bargaining agreement and was no longer alive. The order arose not from the labor dispute but from the union's conduct in failing to carry out the Court's order.

■ Moreover, Congress in 1948 took the subject matter of 3692 out of the Norris-LaGuardia Act and made it a part of the criminal code. The natural inference to be drawn from that action is that Congress intended the protections provided by 3692 to be accorded to defendants in criminal proceedings and that that section is simply not applicable in cases of civil contempt in which the court is seeking only to obtain compliance with an order.

The order of the District Court will be affirmed.

⇒ * "In all cases of contempt arising under the law of the United States governing the issuance of injunctions or restraining orders in any case involving or growing out of a labor dispute, the accused shall enjoy the right to a speedy and public trial by an impartial jury."